UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK JAMES McLEMORE,

       Petitioner,

vs.                                                                                          CASE NO. 07-11340
                                                                  HON. LAWRENCE P. ZATKOFF

THOMAS K. BELL,

       Respondent.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed an application for a writ of habeas corpus (Docket #1), followed by two Motions for Evidentiary Hearing, including a Motion for Evidentiary Hearing Regarding Ineffective Assistance of Appellate Counsel (Docket #15). This matter is currently before the Court on Magistrate Judge Steven D. Pepe's "Report and Recommendation Denying Petitioner's Motion for Evidentiary Hearing Regarding Ineffective Assistance of Appellate Counsel" (hereinafter, the "Report and Recommendation") (Docket #21).

After a thorough review of the court file, the Report and Recommendation, and the objections to the Report and Recommendation filed by Petitioner, this Court will adopt the Report and Recommendation and enter it as the findings and conclusions of this Court. In addition, the Court briefly addresses the objections to the Report and Recommendation raised by Petitioner.

The most significant finding of the Court (as well as the Magistrate Judge) is that Petitioner has not demonstrated "a reasonable probability that inclusion of the issue[s] [set forth by Petitioner] would have changed the result of the appeal," a finding which is necessary to excuse a procedural default, as Petitioner seeks to do here. *See Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005) (citation omitted). *See also Smith v. Jago*, 888 F.2d 399, 405 n.1 (6th Cir. 1989); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner fails to address this critical step in his motion

for evidentiary hearing, as well as in his objections to the Report and Recommendation. As a result, even if his objections to the Report and Recommendation are meritorious (which they are not, as discussed below), Petitioner has not demonstrated that "the grounds he alleges are sufficient to secure his release from custody" (the first of three elements a petitioner must demonstrate to a federal district court before the district court may grant a motion for evidentiary hearing). *See Washington v. Renico*, 455 F.3d 722, 731 (6th Cir. 2006) (citation omitted).

In the Report and Recommendation, the Magistrate Judge concludes that Petitioner failed to show that a "modified version of the [aiding and abetting felony murder] instruction would have prevented any reasonable fact-finder from finding Petitioner guilty of the underlying offense." Petitioner asserts that the Magistrate Judge raised the standard for granting an evidentiary hearing regarding ineffective assistance of counsel from clear and convincing to beyond a reasonable doubt. The Court disagrees. The Magistrate Judge's analysis tracked 28 U.S.C. §2254(e)(A)(ii), and he never mentioned using a "beyond a reasonable doubt standard." In addition, the Court finds no indication that the Magistrate Judge increased the standard from clear and convincing to beyond a reasonable doubt.

Petitioner next objects to the Magistrate Judge's conclusions that (1) trial counsel waived any objection to the aiding and abetting felony murder instruction because while trial counsel said that he understood that it was the instruction that would be given, trial counsel did not "express his satisfaction" with that instruction, and (2) appellate counsel did not err in failing to raise that issue on appeal. The Court is not persuaded by Petitioner's argument. As noted by the Magistrate Judge, in response to the prosecutor stating "it is my understand[ing] that we have decided that the instruction will stand as it presently is, we are not going to give any further instructions," trial counsel said, "That's my understanding, Judge - -." This Court finds that trial counsel's statement constitutes a waiver of any objection to the felony murder instruction (particularly as trial counsel did not otherwise challenge the instruction). Moreover, the Court concludes that the instruction, as given, did not prejudice Petitioner's rights, especially in conjunction with the jury instructions as

a whole. Thus, the fact that appellate counsel did not raise this issue on appeal also did not prejudice Petitioner.

Petitioner claims that the Magistrate Judge analyzed the adequacy of the jury instructions with respect to each instruction individually but did not analyze the jury instructions, including the unanimous verdict instruction, as a whole. Although the Court believes the Magistrate analyzed the instructions as a whole in determining that they were adequate, the Court's independent review of the instructions leads the Court to also conclude that the instructions as a whole were adequate.

Petitioner objects to the trial court's jury instruction on what makes a person an aider and abettor. Just as the Magistrate Judge concluded, this Court finds that the trial court's clear instructions for felony murder, including those cited in the Report and Recommendation, demonstrate that there was no error. In addition, the Court rejects Petitioner's contention that an evidentiary hearing is necessary to determine whether trial counsel expressed satisfaction with the jury charge so as to preclude appellate review of the instructions given to the jury. Trial counsel's failure to object to the jury instructions constituted a waiver. Further, for the reasons Magistrate Judge Pepe discussed, Petitioner's claim of inadequate jury instructions also fails on the merits.

Petitioner contends that he was convicted as an aider and abettor to murder simply because he helped assist in "a" crime, not "the" crime, at least based on the jury instructions given at his trial. Petitioner argues that the instructions, as given, allowed a jury to convict him of felony murder based on finding him guilty of "some" crime, rather than the jury being required to unanimously find him guilty of one underlying felony (robbery, larceny or breaking and entering). The Court is not persuaded by Petitioner's argument. First, the trial court clearly instructed the jury, and the jury was required to find, that:

> defendant had one of these three states of minds. Either, he intended to kill, or he intended to do great bodily harm to Oscar Manning, or he knowingly created a very high risk of death or great bodily harm knowing that death or such harm would be the likely cause of his actions.
>
> Third, that when he did the act or acts that caused the death of Oscar Manning the defendant was committing or helping someone else

3

>  commit either the crime of Robbery or Larceny or Breaking and Entering.

Second, the jury convicted Petitioner on all three felonies (robbery, larceny, and breaking and entering). Each such conviction was by a unanimous verdict, and each conviction involved a predicate felony for a felony murder conviction. Thus, regardless of the felony(ies) the jury relied on to find that the elements for felony murder were satisfied, the jury unanimously found that the underlying predicate felony had been committed. Petitioner also contends that his appellate counsel erred by not appealing trial counsel's failure to demand a specific instruction requiring a unanimous verdict on the underlying crime that served as the basis for the felony murder conviction. For the same reasons, the Court agrees with the Magistrate Judge's conclusion that Petitioner has not demonstrated the existence of a constitutional error on this claim.

Petitioner's objection to the Magistrate Judge's conclusion that there was no prosecutorial misconduct also lacks merit. For the reasons set forth above, the Court concludes that the prosecutor did not engage in misconduct in seeking the jury instructions used at trial. Likewise, the Court finds no prosecutorial misconduct occurred when the prosecutor referred to "suppressed evidence." In fact, the prosecutor asked an open ended question ("And who all did you interview in regards to this particular investigation?") to a witness. The witness said that he had interviewed Petitioner on the day of Petitioner's arrest, but neither the prosecutor nor the witness referred to what Petitioner said in that interview, how long the witness interviewed Petitioner or any other details of that interview. Moreover, the prosecutor did not make reference to this interview at any point during trial, including during opening statement or closing argument. Moreover, even if that question and answer dialogue means that the prosecutor engaged in misconduct, the Court finds that the question and answer at issue (1) did not prejudice Petitioner, (2) were harmless statements, and (3) clearly do not constitute grounds for granting Petitioner's requested relief.

Petitioner finally contends that the Magistrate Judge did not address the overall issue that appellate counsel was ineffective for not raising the issues described above (generally, the jury instructions and prosecutorial misconduct), as well as trial counsel's ineffective performance.

Despite Petitioner's contentions that an evidentiary hearing is necessary to determine what the appellate counsel was thinking when filing Petitioner's appeal,[1] the Court finds that the Magistrate Judge made the requisite findings, namely:

1. Trial counsel and/or appellate counsel need not raise every argument possible in order to provide effective assistance of counsel. *Smith v. Robbins*, 520 U.S. 259, 288 (2000); *McMeans v. Brigano*, 228 F.3d 674 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155 (6th Cir. 1994).

2. The jury instructions as a whole required the jury to make the requisite finding on each of the crimes for which Petitioner was convicted.

3. Petitioner has not raised any issue sufficient to undermine confidence in the outcome. *Strickland*, 566 U.S. at 694.

Therefore, for the reasons stated above, Petitioner's Motion for Evidentiary Hearing Regarding Ineffective Assistance of Appellate Counsel (Docket #15) is DENIED.

IT IS SO ORDERED.

                                             s/Lawrence P. Zatkoff
                                             LAWRENCE P. ZATKOFF
                                             UNITED STATES DISTRICT JUDGE

Dated: March 31, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 31, 2009.

                                             s/Marie E. Verlinde
                                             Case Manager
                                             (810) 984-3290

---

[1] The Court notes that, if it adopted Petitioner's position that an evidentiary hearing is necessary to determine what appellate counsel was thinking at the time the appeal was filed, the Court would have to grant motions for evidentiary hearings regarding attorney effectiveness in virtually every case that is appealed.